UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEROME WILSON,                                     Case No. 1:14-cv-21

      Plaintiff,                                Barrett, J.
                                                 Bowman, M.J.
  v.

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

## REPORT AND RECOMMENDATION

Plaintiff Jerome Wilson filed this Social Security appeal in order to challenge the Defendant's finding that he is not disabled. *See* 42 U.S.C. §405(g). Plaintiff presents two claims of error, both of which the Defendant disputes. Because it is supported by substantial evidence in the administrative record, the undersigned recommends that the Commissioner's decision be AFFIRMED.

### I. Summary of Administrative Record

On April 30, 2010, Plaintiff filed applications for Supplemental Security Income (SSI) alleging a disability onset date of April 6, 2010, due to physical and mental impairments. (Tr. 223). After Plaintiff's claims were denied initially and upon reconsideration, he requested a hearing *de novo* before an Administrative Law Judge. ("ALJ"). On June 1, 2012, ALJ Robert Flynn held an evidentiary hearing at which Plaintiff appeared with counsel. The ALJ heard testimony from Plaintiff, Plaintiff's mother and an impartial vocational expert. On August 16, 2012, the ALJ denied Plaintiff's applications in a written decision. (Tr. 14-25). Plaintiff now seeks judicial review of the denial of his application for benefits.

1

At the time of the hearing, Plaintiff was a 42 year old male with a high school education and past relevant work as a dry clean presser. Plaintiff alleges disability due to a combination of his impairments, including an abdomen stab wound that required multiple surgeries, short gut syndrome, hypertension, gastroesophageal reflux disease, obesity, chronic obstructive pulmonary disease, dsythymic disorder, personality disorder, borderline intellectual functioning, and acute renal and respiratory failure. He is insured for benefits through March 31, 2011.

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "status post abdomen stab wound with multiple abdominal surgeries, short gut syndrome, hypertension, gastroesophageal reflux disease, obesity, chronic obstructive pulmonary disease, dsythymic disorder, personality disorder, borderline intellectual functioning, acute renal and respiratory failure, alcohol abuse in reported remission, and a history of remote marijuana abuse." (Tr. 16). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. The ALJ determined that Plaintiff retains the residual functional capacity ("RFC") to perform light work with the following limitations:

> He can lift up to 20 pounds, frequently lift or carry 10 pounds, stand/walk for a total of 6 hours in an 8-hour workday, and sit for a total of 6 hours in an 8-hour workday. He can occasionally climb ramps or stairs, stoop, crouch, kneel or crawl, and he can never climb ladders, ropes, or scaffolds. He must avoid concentrated exposure to extreme cold, extreme heat, wetness or humidity, poorly ventilated areas, and environmental irritants such as fumes, odors, dusts, chemicals, and gases. He must also avoid hazards, such as exposure to unprotected heights and the use of moving machinery. Mentally, the work must be limited to simple, routine, and repetitive tasks; performed in a low stress environment, defined as free of paced production requirements; involving only simple, work-related decisions; and with few, if any, work place changes.

(Tr. 19). Based upon the record as a whole including testimony from the vocational expert, and given Plaintiff's age, education, and RFC, the ALJ determined that while Plaintiff is unable to perform his past relevant work, other jobs exist in significant numbers in the national economy, including such jobs as cleaner, inspector and stocker/folder. (Tr. 25). Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to SSI. *Id.*

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that the ALJ erred by: 1) failing to consider whether Plaintiff met Listing 1.08; and 2) failing to properly assess Plaintiff's credibility. Upon close analysis, the undersigned finds that Plaintiff's alleged errors are not well-taken.

## II. Analysis

### A. Judicial Standard of Review

To be eligible for benefits, a claimant must be under a "disability" within the definition of the Social Security Act. *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. . .. The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts.  If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for either DIB or SSI, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Com'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

**B. The ALJ's Decision is Supported by Substantial Evidence**

*1. Listing 1.08*

In the present case, at step-three of the sequential analysis, the ALJ determined that Plaintiff's impairments do not meet or equal the requirements of any Listing. In making this determination, the ALJ noted that no treating or examining physician indicated that Plaintiff has an impairment equivalent in severity of any listed impairment in the Listing of impairments outlined in 20 C.F.R. 404, Subpart P, Appendix 1. In any event, the ALJ stated that "all applicable Listings were considered." (Tr. 17). In this regard, the ALJ expressly considered Listings 5.07 (short bowel syndrome) 3.02 (chronic pulmonary insufficiency) and 12.02, 12.04, 12.05, 12.06 (mental impairments). The ALJ's listing analysis also considered the impact of Plaintiff's obesity on his limitation of function as required by SSR 02-1. Plaintiff, however, contends that the ALJ's step-three finding is not substantially supported because the ALJ failed to consider whether his impairments met or equaled Listing 1.08. Plaintiff's contention lacks merit.

The plaintiff has the burden of proof at steps one through four of the sequential disability benefits analysis, including proving presumptive disability by meeting or exceeding a Medical Listing at step three. *Little v. Astrue,* 2008 WL 3849937, at *4 (E.D.Ky. Aug.15, 2008) (citing *Her,* 203 F.3d at 391). Thus, the plaintiff has the burden of proof at step three to demonstrate "that [he] has or equals an impairment listed in 20 C.F.R., part 404, subpart P, appendix 1.' " *Little,* 2008 WL 3849937, at *4 (quoting *Arnold v. Comm'r of Soc. Sec.,* 238 F.3d 419, 2000 WL 1909386, at *2 (6th Cir. Dec.27, 2000)). It is essential for the plaintiff's impairment to meet all of the listing's specified medical criteria since "[a]n impairment that manifests only some of those criteria, no

5

matter how severely, does not qualify." *Sullivan v. Zebley,* 493 U.S. 521, 530 110 S.Ct. 885, 107 L.Ed.2d 967 (1990); *Lawson v. Comm'r of Soc. Sec.,* 192 Fed. Appx. 521, 529, 2006 WL 2430991 (6th Cir. Aug.22, 2006). If the plaintiff does sufficiently demonstrate that his impairment meets or equals a listed impairment, the ALJ must find the plaintiff disabled. *Little,* 2008 WL 3849937, at *4 (citing *Buress v. Sec'y of Health & Human Servs.,* 835 F.2d 139, 140 (6th Cir.1987)).

> According to Listing 1.08, a person will be found disabled if he has a
>
> > [s]oft tissue injury (e.g., burns) of an upper or lower extremity, trunk, or face and head, under continuing surgical management, as defined in 1.00M, directed toward salvage or restoration of major function, and such major function was not restored or expected to be restored within 12 months of onset....

20 C.F.R., Pt. 404, Subpt. P, App. 1, § 1.08. The plaintiff satisfies the first part of Listing 1.08 because he has been found to have a soft tissue injury in his left upper extremity after being stabbed on April 6, 2010. (Tr. 280, 761.) The second element of Listing 1.08 requires evidence of "continuing surgical management," which the Regulations define as

> surgical procedures and any other associated treatments related to the efforts directed toward the salvage or restoration of functional use of the affected part. It may include such factors as post-surgical procedures, surgical complications, infections, or other medical complications, related illnesses, or related treatments that delay the individual's attainment of maximum benefit from therapy....

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00M. The Sixth Circuit has explained that "[t]he focus of [Listing 1.08] is the disabling effect of the surgical procedures, not the pain and inconvenience associated with the soft tissue injury itself." *Cooper v. Sullivan,* 902 F.2d 32, 1990 WL 61117, at *2–3 (6th Cir. May 8, 1990). Here, the evidence of record fails to establish that Plaintiff's impairments meet the requirements for the second element of the Listing.

6

Plaintiff contends that he met the listing because it was "obvious that Plaintiff's respiratory and digestive functioning was not restored within 12 months of the April 2010 surgery" for stab wounds to the back and upper abdomen. Plaintiff notes that he had several surgeries between April and October 2010 to rectify the April 2010 stab wounds to his stomach, spleen, small intestine, and colon; that he alleged extreme pain following the October 2010 surgery; and that he wore an abdominal binder in March 2011. Treatment notes from April 2011 indicate moderate constipation but no bowel obstruction, as well as "no…evidence of acute cardiopulmonary disease." (Tr. 2537, 2538).

Thereafter, a March 2012 exam revealed a normal gastro-intestinal system except it did show hemorrhoids, a tiny polyp in the colon, "minimal" redness in the duodenum, and damage—without acute inflammation—to the stomach mucus. (Tr. 2568, 2570, 2572). In September 2012, treatment notes indicate a normal gastro-intestinal system, with the exception of a tiny hiatal hernia, mild-to-moderate acid reflux, and a "grossly unremarkable" "obsuration" of the valve separating the small and large intestine. (Tr. 2574). September 2012 treatment notes indicate that Plaintiff underwent an injection for rib pain. (Tr. 2575). Such evidence, however, fails to show that Plaintiff's impairments met or equaled listing 1.08.

As noted by the ALJ, after the October 2010 surgery, the sporadic exams of Plaintiff's gastrointestinal system revealed at most minor and predominantly common abnormalities and prompted no treatment, with the exception of a September 2012 injection for rib pain. (Tr. 21). After the October 2010 surgery, Plaintiff had no post-surgical procedures, no surgical complications, and no infections. And while Plaintiff complained of extreme abdominal pain, he presented no medical evidence that his

7

digestive system had essentially ceased to function for the requisite 12 months after April 2010.

It is well settled that a Plaintiff retains the burden at the third step of the sequential evaluation to establish that he meets or equals a listed impairment. *See Evans v. Sec'y of Health & Human Servs.,* 820 F.2d 161, 164 (6th Cir.1987). Not infrequently, the undersigned has recommended affirming decisions in which little detail is included in an ALJ's Step 3 finding. In general, however, those cases present circumstances in which either the Step 3 finding is not challenged at all, or the plaintiff fails to show that the ALJ committed anything more than harmless error because he or she does not put forth evidence that could possibly satisfy the Listing. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 416 (6th Cir. 2011) (Plaintiff must show possibility that he could meet a listing to warrant remand for insufficient analysis at step three). Here, Plaintiff did not assert that he met Listing 1.08 at the administrative hearing, nor has he presented any opinion evidence establishing that he met the requirements of this listing. To the contrary, as outlined above, the record evidence shows that Plaintiff was not under continuous surgical management as required to meet or equal Listing 1.08.

Additionally, the ALJ's failure to expressly consider Listing 1.08 does not warrant remand. As noted by the Commissioner, the ALJ compensated for any deficiencies of his analysis of listing § 1.08 at step three by explaining at step four that the surgeries caused no significant complications. *See Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006) (analysis at other steps may supplement analysis at step three). *See also M.G. v. Com'r of Soc. Sec.,* 861 F.Supp.2d 846, 860–861 (E.D.Mich.2012) (holding that an ALJ's failure to analyze the elements of a Listing under Step 3 may be

8

considered harmless in some cases, without the Court overstepping its primary role as a reviewer of fact). In light of the foregoing, the undersigned finds that the ALJ's step-three analysis is substantially supported. As such, Plaintiff's first assignment of error should be overruled.

*2. Credibility*

Plaintiff argues next that the ALJ improperly determined that Plaintiff's subjective complaints were not fully credible. Specifically, Plaintiff contends that his subjective complaints of pain are supported by the evidence of record. Plaintiff argument in support of this contention states, *in toto:*

> Mr. Wilson testified that he has constant, shooting pain in the left side of his ribcage he believes is related to the abdominal stabbing and the reversible colostomy (*Tr. 41-42*); pain after eating, diarrhea and nausea on a daily basis (*Tr. 58*); having to lie down constantly because of his pain (*Tr. 46*); being able to sit for less than one hour before needing to stand *(Id.)*; increased pain with standing and walking (*Tr. 47*); being able to stand for only 20 to 30 minutes at a time (*Id.*); becoming easily out of breath with exertion (*Tr. 48-49*); and feelings of depression (*Id.*). These symptoms that Mr. Wilson described during his testimony at the hearing reasonably correlate with the injuries/procedures he has endured.

(Doc. 10 at 10).

It is the province of the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant. *Rogers v. Commissioner of Social Sec.,* 486 F.3d 234, 247 (6th Cir.2007) (citations omitted). In light of the Commissioner's opportunity to observe the individual's demeanor, the Commissioner's credibility finding is entitled to deference and should not be discarded lightly. *Buxton v. Halter,* 246 F.3d 762, 773 (6th Cir.2001). "If an ALJ rejects a claimant's testimony as incredible, he must clearly state his reasons for doing so." *Felisky v. Bowen,* 35 F.3d 1027, 1036 (6th Cir.1994). The ALJ's articulation of reasons for crediting or rejecting a claimant's

9

testimony must be explicit and "is absolutely essential for meaningful appellate review." *Hurst v. Sec. of HHS,* 753 F.2d 517, 519 (6th Cir.1985). In this regard, Social Security Ruling 96–7p explains:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

SSR 96–7p.

In addition, the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.* The ALJ's credibility decision must also include consideration of the following factors: 1) the individual's daily activities; 2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7) any other factors concerning the

individual's functional limitations and restrictions due to pain or other symptoms. See 20 C.F.R. §§ 404.1529(c) and 416.929(c); SSR 96–7p.

While an ALJ may properly consider a Plaintiff's inconsistent statements and other inconsistencies in the record, the ALJ must also consider other factors listed in SSR 96–7p, and may not selectively reference a portion of the record which casts Plaintiff in a capable light to the exclusion of those portions of the record which do not. *See Howard v. Comm'r of Soc. Sec.,* 276 F.3d 235, 240–41 (6th Cir.2002). Further, a credibility determination cannot be disturbed "absent a compelling reason." *Smith v. Halter,* 307 F.3d 377, 379 (6th Cir.2001). Thus, it is proper for an ALJ to discount the claimant's testimony where there are contradictions among the medical records, his testimony, and other evidence. *Warner v. Comm'r of Soc. Sec.,* 375 F.3d at 392.

Contrary to Plaintiff's contentions, the ALJ properly assessed Plaintiff's credibility. Here, the ALJ found that the objective medical evidence is inconsistent with claimant's subjective allegations of limitation." (Tr. 21). Notably, Plaintiff's treating doctors did not document complaints of such extreme limitations. None, for example, noted any complaints of near constant diarrhea, a constant need to lie down, and problems with gripping, let alone the extreme problems Plaintiff alleged.  Moreover, as described above, post-October 2010 exams of his respiratory systems that revealed no acute abnormalities of his digestive system but, at most, revealed only common dysfunctions like constipation and acid reflux.  *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 416-17 (6th Cir. 2011) (routine and conservative treatment, including spinal blocks and injections, can discredit complaints of disabling pain).

The ALJ also properly determined that Plaintiff's admitted activities reasonably contradicted his allegations of extreme, constant pain and constant need to defecate

and lie down. in June 2012 Plaintiff testified that constant extreme pain located entirely on the left side of his rib cage prevented him from working or doing anything, that his right abdomen hurt for about 30 minutes after ingestion of food, and that medications sedated him and swung his mood. (Tr. 19-20, 41-45). Plaintiff also alleged that he could sit for at most an hour before needing to get up, stand—with constant pain—for about an hour, and walk for up to 30 minutes; that he could not raise his left arm over head, grip, twist and turn, and open a bottle; that exertion constantly caused breathlessness; that he typically lied down for much of the day; and that since the October 2010 surgery, diarrhea had forced him to use the restroom ten times a day. (Tr. 46-48, 57-59). Plaintiff nonetheless admitted that he could button and zip clothing and hold a telephone, that he had dated a woman—whom he saw once a week—for three years, that he attended 90 minute services at church every week, that he grilled food and ran errands for his mother's volunteer events, that he read for up to two hours a day, and that he cared for his personal needs. (Tr. 50, 53-54, 57-59).

Based on the foregoing, the undersigned finds that the ALJ's decision adequately sets forth the reasons for his credibility finding and shows he considered the required factors in determining plaintiff's credibility. *See* 20 C.F.R. § 416.929(c). In light of the ALJ's opportunity to observe plaintiff's demeanor, the ALJ's credibility finding is entitled to deference and should not be discarded lightly. *Kirk,* 667 F.2d at 538. *See also Cruse v. Commissioner,* 502 F.3d 532, 542 (6th Cir.2007); *Walters v. Commissioner,* 127 F.3d 525, 531 (6th Cir.1997); *Gaffney v. Bowen,* 825 F.2d 98, 101 (6th Cir.1987). Accordingly, the Court finds substantial evidence supports the ALJ's credibility finding in this matter.

### III. Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED THAT** Defendant's decision be found to be **SUPPORTED BY SUBSTANTIAL EVIDENCE,** and **AFFIRMED,** and that this case be **CLOSED.**

                                             */s Stephanie K. Bowman*
                                             Stephanie K. Bowman
                                             United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JEROME WILSON, | Case No. 1:14-cv-21 |
| Plaintiff, | Barrett, J. |
| | Bowman, M.J. |
| v. | |
| CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).